

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-89,995-01

**EX PARTE JUAN ERIK FLORES, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. B14289-1 IN THE 198TH DISTRICT COURT FROM KERR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated sexual assault and sentenced to ninety-five years' imprisonment on each count. The Fourth Court of Appeals affirmed his convictions. *Flores v. State*, No. 04-15-00704-CR (Tex. App.—San Antonio Sept. 7, 2016) (not designated for publication).

Applicant contends that appellate counsel failed to timely notify him that his conviction had been affirmed and advise him of his right to petition *pro se* for discretionary review. The trial court made findings of fact and conclusions of law and recommended that we grant Applicant an out-of-time petition for discretionary review.

2

We believe that the record should be further developed. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. Pursuant to *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's response, the trial court shall make further findings of fact and conclusions of law as to whether counsel timely informed Applicant that his conviction had been affirmed and that he had a right to file a *pro se* petition for discretionary review. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 3, 2019
Do not publish